UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMBIT PATTANAYAK,<br><br>                             Plaintiff,<br><br>   v.<br><br>MASTERCARD, INC.,<br><br>                             Defendant. | Case No. 2:20-cv-12640 |

## DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

 

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

John A. Snyder

ATTORNEY FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL STATEMENT AND PROCEDURAL HISTORY ................................................... 1

    I.     Plaintiff's Employment with Mastercard ........................................................................ 1

    II.    Mastercard's Lack of Contacts with New Jersey ........................................................... 2

    III.   Procedural History .......................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

POINT I ....................................................................................................................................... 3

PLAINTIFF CANNOT ESTABLISH THAT THE DEFENDANT IS SUBJECT
TO THE PERSONAL JURISDICTION OF THIS COURT NECESSITATING
DISMISSAL ................................................................................................................................ 3

    I.     Legal Standard ................................................................................................................ 3

         A.    Plaintiff's Allegations Fail to Establish that Mastercard has Sufficient
              Minimum Contacts with New Jersey. ................................................................ 4

         B.    Plaintiff Cannot Establish That This Court has General Jurisdiction Over
              Mastercard International, Inc. .............................................................................. 5

         C.    Plaintiff Cannot Establish That This Court Has Specific Jurisdiction Over
              Mastercard International, Inc. .............................................................................. 6

             1.    Plaintiff Does Not Even Allege That Mastercard Purposefully Directed
                   Their Activities At New Jersey or That Any of the Alleged Conduct
                   Arose Out of Such Activities in New Jersey. .................................................. 6

             2.    Exercise of Personal Jurisdiction Over Mastercard In This Court
                   Would Offend Traditional Notions of Fair Play And Substantial Justice. ........ 7

POINT II ..................................................................................................................................... 8

PLAINTIFF'S COMPLAINT AGAINST MASTERCARD INTERNATIONAL, INC.
MUST BE DISMISSED BECAUSE THE NJLAD DOES NOT PROTECT
INDIVIDUALS EMPLOYED OUTSIDE THE STATE OF NEW JERSEY ............................... 8

CONCLUSION ............................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Abel v. Kirbaran,
  267 Fed. Appx. 106 (3d Cir. 2008) ................................................................................4

Albert v. DRS Techs., Inc.,
  2011 U.S. Dist. LEXIS 55320 (D.N.J. May 23, 2011) (Martini, J.) ...........................8

Allaham v. Naddaf,
  292 F.3d 361 (3d Cir. 2002) ........................................................................................3

Ameriplay, LLC v. Ameriplay Payroll, Ltd.,
  334 F. Supp. 2d 629 (D.N.J. 2004) .............................................................................4

Brunner v. Allied Signal, Inc.,
  198 F.R.D. 612 (D.N.J. Jan 17, 2001) (Orlofsky, J.) ..................................................8

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985) ....................................................................................................7

China Shipping (N. Am.) Agency Co. v. Lighthouse Trucking, Inc.,
  2009 U.S. Dist. LEXIS 7538 (D.N.J. Jan. 30, 2009) .................................................7

Croat v. Mission Fine Wines, Inc.,
  2020 U.S. Dist. LEXIS 70145 (D.N.J. Apr. 21, 2020) ...............................................6

Daimler v. Bauman,
  571 U.S. 117 (2014) ....................................................................................................5

Flaghouse, Inc. v. Prosource Dev., Inc.,
  528 Fed. Appx. 186 (3d Cir. 2013) .............................................................................3

Gehling v. St. George's School of Medicine, Ltd.,
  773 F. 2d 539 (3d Cir. 1985) ......................................................................................3

Goodyear Dunlop Tires Op., S.A. v. Brown,
  564 U.S. 915 (2011) ....................................................................................................4

IMO Indust., Inc. v. Kiekert AG,
  155 F.3d 254 (3d Cir. 1998) ........................................................................................3

McCourt v. A.O. Smith Water Prods. Co.,
  2015 U.S. Dist. LEXIS 110111 (D.N.J. Aug. 20, 2015) ............................................5

Nelligan v. Zaio Corp.,
    2011 U.S. Dist. LEXIS 28628 (D.N.J. Mar. 21, 2011)...........................................................4, 6

Peikin v. Kimmel & Silverman,
    P.C., 576 F. Supp. 2d 654 (D.N.J. 2008) (Simandle, J.)............................................................8

Satz v. Taipina,
    2003 U.S. Dist. LEXIS 27237 (D.N.J. Apr. 15, 2003) (Simandle, J.)......................................8

Sonic Supply LLC v. Universal White Cement Co.,
    2008 U.S. Dist. LEXIS 58769 (D.N.J. July 29, 2008)..............................................................7

Stevens v. Welch,
    2011 U.S. Dist. LEXIS 12142 (D.N.J. Feb. 7, 2011) ...............................................................6

Trinity Packaging Supply, LLC v. Countrywide Pallet, Inc.,
    2019 U.S. Dist. LEXIS 106515 (D.N.J. June 26, 2019) ..........................................................5

Walden v. Fiore,
    571 U.S. 277 (2014).................................................................................................................7

Walters v. Safelite Fulfillment, Inc.,
    2019 U.S. Dist. LEXIS 52355 (D.N.J. Mar. 28, 2019) (Simandle, J.) .....................................8

**Statutes**

N.J.S.A. §10:5-12(a) ...........................................................................................................................8

N.J. Stat. § 2A:14-2............................................................................................................................2

Federal Rule of Civil Procedure 12(b)(2) ......................................................................................3, 8

United States Constitution .................................................................................................................3

**PRELIMINARY STATEMENT**

Plaintiff Sambit Pattanayak's ("Plaintiff") Complaint against Defendant Mastercard International Incorporated, incorrectly named in this action as "Mastercard, Inc." ("Defendant" or "Mastercard") must be dismissed because this Court lacks personal jurisdiction over Defendant and, since Plaintiff did not perform any job-related activities in New Jersey, his allegations fail to state a claim under the New Jersey Law Against Discrimination ("NJLAD"). Plaintiff's claims have absolutely no connection to the State of New Jersey. Throughout the relevant time period, Plaintiff lived in and was employed by Mastercard in the Republic of Singapore. During this period, Plaintiff reported to supervisors in Singapore, New York and San Francisco. Each alleged act of discrimination, hostile work environment and retaliation occurred outside the State of New Jersey. As Plaintiff did not work in, live in or report to any employee or agent of Defendant within the State of New Jersey during the relevant time period, Plaintiff's claims fail to show that this Court can establish personal jurisdiction over this matter and fail to state a claim under the NJLAD. Accordingly, Plaintiff's claims should be dismissed with prejudice.

**FACTUAL STATEMENT AND PROCEDURAL HISTORY[1]**

**I.   Plaintiff's Employment with Mastercard**

Plaintiff alleges that he began working for Defendant in September 2012 as Vice President of Product Management in Defendant's New York offices. (See Complaint at ¶ 2). In October 2015, Plaintiff was transferred to Defendant's Singapore branch. (Id. at ¶ 3). From

---

[1] As required at this stage and solely for purposes of this motion, Defendant accepts as true Plaintiff's allegations in the Complaint, but reserves the right to controvert such allegations (which the Defendant expressly denies) in any further proceedings in this matter.

1

October 2015 to March 2017, Plaintiff reported to Richard Crum, Senior Vice President, Product Development, Commercial Products in Defendant's New York offices. (Id. at ¶ 4).

In April 2017, Plaintiff started a new position as Vice President of Client Services in Defendant's Singapore office. (Id. at ¶ 5). In this role, Plaintiff alleges that he reported to Scott Setrakian in San Francisco. (Id. at ¶ 6). Plaintiff alleges that he suffered discrimination, harassment and retaliation throughout his employment in both the New York and Singapore offices of Defendant. (Id. at ¶¶ 38-72).

Plaintiff does not allege to have worked, lived or reported to any individual or suffered any of the alleged discrimination, harassment or retaliation in New Jersey during the relevant period.[2]

## II.   Mastercard's Lack of Contacts with New Jersey

Mastercard, Inc. is a corporation duly created and organized under the laws of the State of Delaware with a principal place of business located at 2000 Purchase Street, Purchase, New York. (Id. at ¶ 6). Plaintiff does not allege, nor could he allege, that Mastercard is domiciled or maintains a principal place of business in the State of New Jersey. Plaintiff also does not allege, nor could he allege, that any of the allegations in his Complaint occurred in the State of New Jersey.

## III.   Procedural History

Plaintiff filed his Complaint on August 13, 2020 in the Superior Court of New Jersey, Hudson County. (See Complaint). Defendant removed the matter to this Court on September 14, 2020. (See Notice of Removal).

---

[2] The NJLAD has a two (2) year statute of limitations. See N.J. Stat. § 2A:14-2.

2

**ARGUMENT**

**POINT I**

**PLAINTIFF CANNOT ESTABLISH THAT THE DEFENDANT IS SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT NECESSITATING DISMISSAL**

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to seek dismissal of a complaint for "lack of personal jurisdiction." See Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of alleging facts which establish that the defendant is subject to personal jurisdiction in the forum where he or she files the matter. See Allaham v. Naddaf, 292 F.3d 361, 368 (3d Cir. 2002) ("[A] plaintiff bears the burden of proving that the court has personal jurisdiction over the defendant by a preponderance of the evidence.").

In New Jersey, the law "provides for personal jurisdiction coextensive with that allowed by the United States Constitution." Flaghouse, Inc. v. Prosource Dev., Inc., 528 Fed. Appx. 186, 189 (3d Cir. 2013). To determine whether personal jurisdiction exists, this Court follows a two-step process. See Gehling v. St. George's School of Medicine, Ltd., 773 F. 2d 539, 541 (3d Cir. 1985). First, the Plaintiff must plead that the defendant has sufficient minimum contacts with the forum state. See IMO Indust., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Second, the plaintiff must establish that the Fourteenth Amendment Due Process requirement is not violated by the assertion of personal jurisdiction over the defendant.

Plaintiff's failure to meet both the minimum contacts requirement and the Due Process requirement prevents this Court from exercising personal jurisdiction over Defendant and renders dismissal of his claims appropriate, pursuant to Fed. R. Civ. P. 12(b)(2).

3

### A. Plaintiff's Allegations Fail to Establish that Mastercard has Sufficient Minimum Contacts with New Jersey.

The minimum contacts requirement may be established through either general or specific jurisdiction. See Abel v. Kirbaran, 267 Fed. Appx. 106, 108 (3d Cir. 2008). General jurisdiction grants the court the power to hear claims against out-of-state defendants "when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Op., S.A. v. Brown, 564 U.S. 915, 919 (2011). In order to establish specific jurisdiction over a defendant, the plaintiff must satisfy a three-part test. First, the plaintiff must show that the defendant "purposefully directed [their] activities" at the forum state. Nelligan v. Zaio Corp., 2011 U.S. Dist. LEXIS 28628, at *7 (D.N.J. Mar. 21, 2011) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). Second, the claims must "arise out of or relate to" those activities. Id. (citing Helicopteros Nacionales De Colombia v. Hall, 464 U.S. 408, 414 (1984)). Finally, the court must consider whether exercise of jurisdiction over the defendant would offend "notions of fair play and substantial justice." Id. (citing Int'l Shoe Co. v. Wash., 326 U.S. 316 (1945)).

When a plaintiff fails to carry their burden in demonstrating minimum contacts, "it is not necessary to evaluate the reasonableness of asserting jurisdiction." Ameriplay, LLC v. Ameriplay Payroll, Ltd., 334 F. Supp. 2d 629 (D.N.J. 2004) (citing Int'l Shoe, 326 U.S. at 316). Here, Plaintiff cannot establish sufficient minimum contacts between Defendant and New Jersey to exercise general jurisdiction. Moreover, even if Plaintiff were able to demonstrate minimum contacts, Plaintiff cannot demonstrate that exercise of specific jurisdiction would be reasonable in this case. As described in detail below, Plaintiff's failure to allege facts sufficient to permit this Court to exercise jurisdiction over Defendant requires the Complaint to be dismissed.

4

B.     **Plaintiff Cannot Establish That This Court has General Jurisdiction Over Mastercard International, Inc.**

With respect to corporate defendants, "the place of incorporation and principal place of business are paradigm . . . bases for general jurisdiction." Daimler v. Bauman, 571 U.S. 117, 137 (2014).  While a corporation may be at home in a state where it has substantial contacts, "an approach that 'approve[s] the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous and systematic course of business . . . is unacceptably grasping.'" McCourt v. A.O. Smith Water Prods. Co., 2015 U.S. Dist. LEXIS 110111, at *10-11 (D.N.J. Aug. 20, 2015) (citing Daimler, 571 U.S. at 153-54).

Plaintiff has not alleged any fact that would support the assertion of general jurisdiction over Defendant.  As Plaintiff concedes, Defendant is headquartered in Purchase, New York, and he makes no allegation as to Defendant's place of incorporation.[3] (See Complaint at ¶ 1).  Defendant has no offices, operations or personnel who work in the State of New Jersey.  In similar cases, this Court held that the exercise of general jurisdiction was inappropriate.  See, e.g., McCourt, 2015 U.S. Dist. LEXIS 110111, at *11-*12 (finding the exercise of general jurisdiction inappropriate over a Delaware corporation with its principal place of business in Massachusetts where the only connection to New Jersey was the lease of two small office spaces with minimal employees); Trinity Packaging Supply, LLC v. Countrywide Pallet, Inc., 2019 U.S. Dist. LEXIS 106515, at *8 (D.N.J. June 26, 2019) (refusing to find general jurisdiction in New Jersey over a California corporation that operated solely in California and did not maintain offices or personnel within the state where defendant's only connection to the state was the Plaintiff's residence).

---

[3] Defendant is incorporated under the laws of the State of Delaware.

5

### C. Plaintiff Cannot Establish That This Court Has Specific Jurisdiction Over Mastercard International, Inc.

#### 1. Plaintiff Does Not Even Allege That Mastercard Purposefully Directed Their Activities At New Jersey or That Any of the Alleged Conduct Arose Out of Such Activities in New Jersey.

"Contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." Nelligan, 2011 U.S. Dist. LEXIS 286, at *8 (citing Gehling, 773 F.2d at 542-43). Further, "the jurisdictional nexus must also be the result of intentional conduct by the defendant and not merely 'random, fortuitous, or attenuated contacts.'" Id. (citing Amberson Holdings v. Westside Story Newspaper, 110 F. Supp. 2d 332, 334 (D.N.J. 2000).

During the relevant statute of limitations period, Plaintiff does not allege that Defendant directed **any** activity towards Plaintiff in the State of New Jersey. Each and every alleged unlawful act occurred in Singapore or New York. The fact that Plaintiff lived in New Jersey when he was hired in 2012 and now, after his employment ended, claims to reside in New Jersey is nothing more than "mere fortuity . . . and such fortuitousness cannot be the basis of personal jurisdiction without raising concerns of due process." Stevens v. Welch, 2011 U.S. Dist. LEXIS 12142, at *13 (D.N.J. Feb. 7, 2011); see also Croat v. Mission Fine Wines, Inc., 2020 U.S. Dist. LEXIS 70145, at *10-11 (D.N.J. Apr. 21, 2020) (declining to find specific jurisdiction where the only connection the out-of-state defendant had to New Jersey was the plaintiff's residence). Accordingly, Plaintiff cannot establish that Defendant directed their conduct towards New Jersey or that any of the alleged unlawful conduct arose out of such directed activity. Therefore, any claim of specific jurisdiction fails.

### 2. Exercise of Personal Jurisdiction Over Mastercard In This Court Would Offend Traditional Notions of Fair Play And Substantial Justice.

The exercise of personal jurisdiction over Defendant in this case would offend the traditional notions of fair play and substantial justice. Satisfaction of the Due Process requirement depends upon "the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014). Jurisdiction is thus proper when "the defendant purposefully avails itself of the privilege of conducting activities within the forum State," ensuring that "a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp., 471 U.S. at 475.

As discussed above, the events giving rise to Plaintiff's cause of action did not arise in the State of New Jersey. Rather, all of the conduct alleged in Plaintiff's Complaint took place in New York or Singapore. This Court has held, on numerous occasions, that the exercise of personal jurisdiction in such cases is inappropriate. See, e.g., Sonic Supply LLC v. Universal White Cement Co., 2008 U.S. Dist. LEXIS 58769, at *8-*9 (D.N.J. July 29, 2008) (holding the exercise of personal jurisdiction over an out-of-state corporation would offend the traditional notions of fair play and substantial justice where the defendant was an Arizona corporation with no offices in New Jersey and plaintiff's claims arose out of actions that occurred in Arizona); China Shipping (N. Am.) Agency Co. v. Lighthouse Trucking, Inc., 2009 U.S. Dist. LEXIS 7538, at *14-*15 (D.N.J. Jan. 30, 2009) (declining to exercise personal jurisdiction where only the Plaintiff resided in New Jersey and "none of the events that g[a]ve rise to Plaintiff's cause of action occurred in the state of New Jersey and Defendants [] had no contact with the state of New Jersey.").

**POINT II**

**PLAINTIFF'S COMPLAINT AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE THE NJLAD DOES NOT PROTECT INDIVIDUALS EMPLOYED OUTSIDE THE STATE OF NEW JERSEY**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). The NJLAD makes it unlawful for an employer to discriminate against an individual because of his or her race, national origin or disability, among other protected characteristics. See N.J.S.A. §10:5-12(a). The NJLAD also makes it unlawful to retaliate against individuals who engage in statutorily protected activity. Id. at §10:5-12(d). However, "[t]he restriction on the extraterritorial application of the NJLAD is rooted in the well-settled understanding that New Jersey law regulates conduct *in New Jersey, not outside the state*." Peikin v. Kimmel & Silverman, P.C., 576 F. Supp. 2d 654, 657-58 (D.N.J. 2008) (Simandle, J.) (emphasis added); see also Walters v. Safelite Fulfillment, Inc., 2019 U.S. Dist. LEXIS 52355, at *6 (D.N.J. Mar. 28, 2019) (Simandle, J.) (finding courts in New Jersey have "consistently applied the law of the state of employment to claims of workplace discrimination and, therefore, only apply the NJLAD if the claimant was employed in New Jersey."); Albert v. DRS Techs., Inc., 2011 U.S. Dist. LEXIS 55320, at *5-6 (D.N.J. May 23, 2011) (Martini, J.) (holding that the plaintiff could not assert a NJLAD claim when she did not performed any job-related activities in New Jersey); Satz v. Taipina, 2003 U.S. Dist. LEXIS 27237, at *18 (D.N.J. Apr. 15, 2003) (Simandle, J.) (holding that plaintiff could not assert a claim under the NJLAD where defendants had offices in New Jersey, but plaintiff worked exclusively in Pennsylvania and Delaware); Brunner v. Allied Signal, Inc., 198 F.R.D. 612, 613-14 (D.N.J. Jan 17, 2001) (Orlofsky, J.) (holding that the NJLAD does not apply to claims brought by a New Jersey resident against a company when they were employed exclusively in Pennsylvania).

All of the alleged discriminatory, harassing and retaliatory conduct pled in the Complaint occurred while Plaintiff was either in Singapore or New York. See Complaint at ¶¶ 38-72. Plaintiff never alleges that he was employed by Defendant or performed any work duties within the State of New Jersey. Id. As a matter of law, Plaintiff's NJLAD claims fail, and the Court should dismiss Plaintiff's claims pursuant to the NJLAD with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order granting its motion to dismiss Plaintiff's Complaint in its entirety, with prejudice, and awarding such other relief as it deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Dated: September 17, 2020

By: */s/ John Snyder*
John A. Snyder

ATTORNEY FOR DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED