Exhibit B[

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SAMBIT PATTANAYAK, | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiff, | : | |
| | : | **NOTICE OF REMOVAL** |
| v. | : | |
| | : | |
| MASTERCARD, INC., | : | |
| | : | |
| Defendant. | : | |

TO:   Martin Luther King Building
      & U.S. Courthouse
      50 Walnut Street Room 4015
      Newark, NJ 07101

      Alan Genitempo, Esq.
      360 Passaic Ave.
      Nutley, NJ 07110

        Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Mastercard, Inc., hereinafter ("Defendant") respectfully submits this Notice and Petition For Removal of a case from the Superior Court of New Jersey, Law Division, Hudson County, bearing Docket No. HUD-L-002944-20 and states as follows as grounds for removal:

        1.    On or about August 13, 2020 Plaintiff, Sambit Pattanayak, filed a civil action captioned <u>Sambit Pattanayak v. Mastercard, Inc.</u> Docket No. HUD-L-002944-20, in the Superior Court of New Jersey, Law Division, Hudson County.  A true and correct copy of the Complaint in that action is attached hereto as <u>Exhibit A</u>.

        2.    Defendant was served with the Summons and Complaint on August 13, 2020.

        3.    This notice of removal, filed on September 14, 2020, is filed within thirty (30) days after Defendant received the Complaint, which is the initial pleading setting forth the claim for

relief upon which Plaintiff's action is based.

4.     Therefore, this Notice and Petition is timely filed within the provisions of 28 U.S.C. § 1446 in that Defendant has effectuated removal within thirty (30) days of receipt of it in a paper form which could be first ascertained that this action is removable.  See 28 U.S.C. § 1446.

5.     Defendant has not filed an Answer or other pleading in the Superior Court of New Jersey.

## REMOVAL BASED ON DIVERSITY JURISDICTION

6.     The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This case may therefore be removed pursuant to 28 U.S.C. § 1441.

7.     28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.     This action is one over which this Court has original jurisdiction.  Pursuant to 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

9.     In this matter, there is complete diversity of citizenship between Plaintiff and Defendant.  Specifically, at the time of the filing of the subject Complaint and the filing of this removal petition, Plaintiff was and is a citizen and resident of the State of New Jersey.  See Exhibit A ¶ 2.  Specifically, the named Defendant, Mastercard, Inc., is and has been, both upon the filing of the Complaint on August 13, 2020 and the filing of this removal petition, a corporation duly

created and organized under the laws of the State of Delaware with a principal place of business located at 2000 Purchase Street, in the Town of Purchase, County of Westchester, State of New York. This entity is not (at the time of the filing of the subject Complaint on August 13, 2020 and as of the time of the filing of this removal petition), a corporation created and/or organized under the laws of New Jersey, and does not have a principal place of business in New Jersey.

10. Plaintiff has not specifically enumerated the amount in controversy in his Complaint. However, the fact that a complaint does not on its face state the amount it seeks to recover will not defeat diversity jurisdiction. When a plaintiff has not specified that the amount in controversy is less than the jurisdictional minimum, the defendant need only show that, to a legal certainty, the amount in controversy exceeds the threshold requirement. See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392 (3d Cir. 2004); see also Hann v. Home Depot, 2019 U.S. Dist. LEXIS 19643, at *11 (D.N.J. Feb. 7, 2019) (holding that in cases with NJLAD claims alleging similar damages, courts have determined that such allegations readily establish the jurisdictional threshold).

11. In this case, Plaintiff alleges race, national origin, and disability discrimination, as well as harassment, retaliation, and wrongful termination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. In the Complaint, Plaintiff seeks compensatory damages, punitive damages, pre-judgment interest, attorneys' fees, and the cost of the lawsuit. Given the relief available to Plaintiff should he succeed in this matter, Defendant submits the amount in controversy well exceeds the jurisdictional amount of $75,000. Therefore, the jurisdictional threshold of $75,000 is satisfied.

12.  Therefore, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332(a)(1).  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

13.  Defendant submits this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded claims upon which relief may be granted.

## **VENUE**

Pursuant to 28 U.S.C. §§ 1441(a), venue lies in the United States District Court for the District of New Jersey because the state action was filed in this District.

## **NOTICES**

Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties and has filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Hudson County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

*/s John Snyder*

John A. Snyder
JACKSON LEWIS P.C.
*Attorney for Defendant*
*Mastercard, Inc.*
666 Third Avenue
New York, New York 10017
(212) 545-4000

4