UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMBIT PATTANAYAK,

                Plaintiff,

v.

MASTERCARD, INC.,

                Defendant.

**Case No. 21-cv-02657-GBD**

# DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Diane Windholz
Laura Victorelli

ATTORNEYS FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL STATEMENT AND PROCEDURAL HISTORY..................................................... 1

    A.    Plaintiff's Employment with Mastercard........................................................................ 1

    B.    Procedural History ......................................................................................................... 3

ARGUMENT .................................................................................................................................. 3

LEGAL STANDARD..................................................................................................................... 3

POINT I .......................................................................................................................................... 4

PLAINTIFF'S COMPLAINT AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE THE NJLAD DOES NOT PROTECT INDIVIDUALS EMPLOYED OUTSIDE THE STATE OF NEW JERSEY .......................................................... 4

POINT II ......................................................................................................................................... 5

PLAINTIFF'S COMPLAINT AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. ..................................................................................................................... 5

    A.    Plaintiff's Race and National Origin Discrimination Claims Should be Dismissed Because He Fails to State a Prima Facie Case of Discrimination..................................... 6

    B.    Plaintiff Fails to Allege Facts to Suggest that He Was Subjected to a Severe or Pervasive Hostile Working Environment. ...................................................................... 7

    C.    Plaintiff's Disability Discrimination Claims are Time-Barred. ...................................... 9

    D.    Plaintiff's Allegations Regarding Retaliation Fail to State a Causal Link Between His Purported Protected Activity and Any Adverse Employment Action. ........................... 9

CONCLUSION............................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                           **Page(s)**

Albert v. DRS Techs., Inc.,
  2011 U.S. Dist. LEXIS 55320 (D.N.J. May 23, 2011) ...................................................... 5

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) .................................................................................................... 3, 4

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................... 3, 4

Bobo v. Wildwood Pub. Sch. Bd. Of Educ.,
  2014 U.S. Dist. LEXIS 176654 (2014) .......................................................................... 7

Brunner v. Allied Signal, Inc.,
  198 F.R.D. 612 (D.N.J. Jan 17, 2001) ........................................................................... 5

Div. 1181 Amalgamated Transit Union – N.Y. Emples. Pension Fund v. New York Dep't of Educ.,
  2014 U.S. Dist. LEXIS 123782 (S.D.N.Y. Aug. 27, 2014) ............................................ 3

Dooley v. Roche Labs, Inc.,
  2007 U.S. Dist. LEXIS 10467 (D.N.J. Feb. 15, 2007) .................................................. 9

Fado v. Kimber Mfg.,
  2016 U.S. Dist. LEXIS 93224 (D.N.J. July 18, 2016) ......................................... 8, 9, 10

Faragher v. City of Boca Raton,
  524 U.S. 775 (1998) ...................................................................................................... 7

Feeney v. Jefferies & Co.,
  2010 U.S. Dist. LEXIS 64033 (D.N.J. June 25, 2010) .............................................. 7, 8

Ghorpade v. MetLife, Inc.,
  2014 U.S. Dist. LEXIS 172408 (S.D.N.Y. Dec. 11, 2014) ........................................... 4

Hassell v. Johnson & Johnson,
  2014 U.S. Dist. LEXIS 60503 (D.N.J. May 1, 2014) .................................................. 10

Hewett v. Leblang,
  2012 U.S. Dist. LEXIS 93123 (S.D.N.Y. July 5, 2012) ................................................ 3

Joester Loria Grp. V. Licensing Co.,
  2011 U.S. Dist. LEXIS 46597 (S.D.N.Y. Apr. 9, 2011) ................................................ 4

Mann v. Prince Telecom, LLC,
    2013 U.S. Dist. LEXIS 104699 (D.N.J. July 26, 2013) ...............................................................9

Ogunbayo v. Hertz Corp.,
    542 F. App'x 105, 107 (3d Cir. 2013) ......................................................................................10

Peikin v. Kimmel & Silverman, P.C.,
    576 F. Supp. 2d 654 (D.N.J. 2008) ............................................................................................4

Satz v. Taipina,
    2003 U.S. Dist. LEXIS 27237 (D.N.J. Apr. 15, 2003) ...............................................................5

Walters v. Safelite Fulfillment, Inc.,
    2019 U.S. Dist. LEXIS 52355 (D.N.J. Mar. 28, 2019) ...............................................................4

Williams v. Phila. Hous. Auth. Police Dep't,
    380 F.3d 751 (3d Cir. 2004) ....................................................................................................10

Wunder v. Katherine Gibbs Sch.,
    2010 U.S. Dist. LEXIS 65435 (D.N.J. July 1, 2010) .................................................................9

Zhuang v. EMD Performance Materials Corp.,
    2018 U.S. Dist. LEXIS 137764 (D.N.J. Aug. 10, 2018) ............................................................6

**Statutes**

N.J. Stat. § 2A:14-2 ........................................................................................................................3

**PRELIMINARY STATEMENT**

Plaintiff Sambit Pattanayak's ("Plaintiff's") Complaint against Defendant Mastercard International Incorporated, incorrectly named in this action as "Mastercard, Inc." ("Defendant" or "Mastercard") must be dismissed because Plaintiff's claims are all brought pursuant to the New Jersey Law Against Discrimination ("NJLAD"), yet Plaintiff did not perform *any* job-related activities in New Jersey. Throughout the relevant time period, Plaintiff lived in and was employed by Mastercard in the Republic of Singapore. Each alleged act of discrimination, hostile work environment and retaliation is alleged to have occurred *outside* the State of New Jersey. As such, Plaintiff cannot state a claim under the NJLAD. Further, even if Plaintiff could bring claims under the NJLAD, he asserts nothing more than conclusory allegations that he was discriminated and retaliated against based on his race, national origin and disability. Accordingly, Plaintiff's claims must be dismissed with prejudice.

**FACTUAL STATEMENT AND PROCEDURAL HISTORY[1]**

**A.   Plaintiff's Employment with Mastercard**

Plaintiff alleges that he began working for Defendant in September 2012 as Vice President of Product Management in Defendant's New York offices. See Dkt. No. 1, Exhibit A at ¶ 2. In October 2015, Plaintiff was transferred to Defendant's Singapore branch. Id. at ¶ 3.

*All* of the alleged discriminatory conduct alleged by Plaintiff occurred *after* his transfer to Singapore in 2015. Plaintiff alleges that, beginning in 2016, he was subjected to discrimination by his supervisor David Peraino in the presence of among others Sachin Mehra.[2]

---

[1] As is required at this stage of the litigation, and solely for purposes of this motion, Defendant accepts as true Plaintiff's allegations in the Complaint, but reserves the right to controvert such allegations (which Defendant expressly denies) in any further proceedings in this matter.

[2] In 2019, Sachin Mehra was elevated to his current position of Chief Financial Officer. Mr. Mehra, like Plaintiff, is Indian. News: Mastercard elevates one more Indian to top brass, names Sachin Mehra new CFO — People Matters (peoplemattersglobal.com)

1

Id. at ¶ 13.  Specifically, Plaintiff claims that during a meeting in New York, Mr. Peraino told Plaintiff that he was "going to come after [him]" in violation of Mastercard's "strong written policies" against such comments.  Id. at ¶ 14.  Plaintiff further alleges that Mr. Peraino "pushed for and ensured a poor year-end performance review for Plaintiff" and that his annual bonus was reduced.  Id. at ¶ 16.  Notably, however, Plaintiff still received a rating of "Meets Expectations" at that review.  Id.  Plaintiff further asserts that he complained to Human Resources about the alleged harassment a year later in February 2017.  Id. at ¶ 17.

In April 2017, Plaintiff started a new position as Vice President of Client Services in Defendant's Singapore office.  Id. at ¶ 5.  A short time after starting his new position, Plaintiff informed his managers Scott Setrakian and Cathy Baker that he required a medical leave of absence.  Id. at ¶ 20.  Plaintiff received approval for a two-month leave of absence and returned to work in October 2017.  Id. at ¶ 21.  Plaintiff alleges that upon his return to work, he requested an extension of that leave, but that his request was denied.  Id. at ¶¶ 22-23.  Plaintiff also vaguely alleges that he was given less support than his peers with similar responsibilities upon his return and that his "dotted line manager" Eric Schneider, called him the "red-headed stepchild" of the division.  Id. at ¶¶ 23-24.

Despite the above allegations, Plaintiff purports that he was able to achieve all of his objectives for 2017 and received a positive performance review from his manager.  Id. at ¶ 27.  Plaintiff states that he was able to excel in his role throughout 2018, as well – exceeding his sales targets and receiving compliments from his colleagues.  Id. at ¶ 30.  When Plaintiff spoke with Mr. Setrakian and Mr. Schneider about a role change and potential transfer to another division in July 2018, it was well received by both.  Id. at ¶ 31.  Plaintiff alleges that he was then suddenly terminated in August 2018 after being presented with a severance agreement.  Id. at ¶¶ 32-34.

Importantly, Plaintiff does not allege to have worked, lived in or reported to any individual or suffered any of the alleged discrimination, harassment or retaliation in the State of New Jersey during the relevant period.[3]

### B.  Procedural History

Plaintiff filed his Complaint on August 13, 2020 in the Superior Court of New Jersey, Hudson County.  See Dkt. No. 1.  Defendant removed this matter to the District of New Jersey on September 14, 2020.  See Dkt. No. 2.  Defendant then moved to dismiss this matter for lack of personal jurisdiction.  See Dkt. No. 6.  Defendant's motion was granted, and the case was subsequently transferred to this Court on March 29, 2021.  See Dkt. Nos. 14 and 17.

## ARGUMENT

## LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Hewett v. Leblang, 2012 U.S. Dist. LEXIS 93123, at *14 (S.D.N.Y. July 5, 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

When assessing the complaint, "[l]egal conclusions [] are not entitled to any presumption of truth, and a court assessing the sufficiency of a complaint disregards them."  Div. 1181 Amalgamated Transit Union – N.Y. Emples. Pension Fund v. New York Dep't of Educ., 2014 U.S. Dist. LEXIS 123782, at *8 (S.D.N.Y. Aug. 27, 2014) (citing Iqbal, 556 U.S. at 679)).

---

[3] The NJLAD has a two (2) year statute of limitations.  See N.J. Stat. § 2A:14-2.

3

"Instead, the court must examine only the well-pleaded factual allegations, if any, 'and then determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679); see also Joester Loria Grp. V. Licensing Co., 2011 U.S. Dist. LEXIS 46597, at *5-8 (S.D.N.Y. Apr. 9, 2011) (granting the defendant's motion to dismiss under Twombly and Iqbal where the plaintiff pled only conclusory allegations).

## POINT I

### PLAINTIFF'S COMPLAINT AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE THE NJLAD DOES NOT PROTECT INDIVIDUALS EMPLOYED OUTSIDE THE STATE OF NEW JERSEY

Plaintiff's Complaint asserts four separate causes of action pursuant to the NJLAD: 1) discrimination based on race and national origin; 2) hostile work environment due to race; 3) disability discrimination and hostile work environment; and 4) retaliation and wrongful termination. As mentioned above, however, Plaintiff fails to assert that any of the alleged discriminatory conduct took place in New Jersey. Thus, Plaintiff fails to state a claim for which relief can be granted under the NJLAD.

While the NJLAD makes it unlawful for an employer to discriminate against an individual because of his or her race, national origin or disability, among other protected characteristics, "[t]he restriction on the extraterritorial application of the NJLAD is rooted in the well-settled understanding that New Jersey law regulates conduct *in New Jersey, not outside the state*." Peikin v. Kimmel & Silverman, P.C., 576 F. Supp. 2d 654, 657-58 (D.N.J. 2008) (emphasis added); see also Ghorpade v. MetLife, Inc., 2014 U.S. Dist. LEXIS 172408, at *8 (S.D.N.Y. Dec. 11, 2014) ("New Jersey law . . . does not extend protection to its residents working abroad."); Walters v. Safelite Fulfillment, Inc., 2019 U.S. Dist. LEXIS 52355, at *6 (D.N.J. Mar. 28, 2019) (finding that courts in New Jersey have "consistently applied the law of the state of employment to claims of workplace discrimination and, therefore, only apply the NJLAD if the claimant was

4

employed in New Jersey."); Albert v. DRS Techs., Inc., 2011 U.S. Dist. LEXIS 55320, at *5-6 (D.N.J. May 23, 2011) (holding that the plaintiff could not assert an NJLAD claim when she did not perform any job-related activities in New Jersey); Satz v. Taipina, 2003 U.S. Dist. LEXIS 27237, at *18 (D.N.J. Apr. 15, 2003) (holding that plaintiff could not assert a claim under the NJLAD where the defendants had offices in New Jersey, but plaintiff worked exclusively in Pennsylvania and Delaware); Brunner v. Allied Signal, Inc., 198 F.R.D. 612, 613-14 (D.N.J. Jan 17, 2001) (holding that the NJLAD does not apply to claims brought by a New Jersey resident against a company when the employee was employed exclusively in Pennsylvania).

All of the alleged discriminatory, harassing and retaliatory conduct pled in the Complaint occurred while Plaintiff worked in Singapore or New York. See Dkt. No. 1, Exhibit A at ¶¶ 38-72. Plaintiff never alleges that he was employed by Defendant or performed any work duties within the State of New Jersey at any time. Id. Therefore, Plaintiff's NJLAD claims fail as a matter of law, and the Court should dismiss these claims pursuant to that statute with prejudice.

## POINT II

### PLAINTIFF'S COMPLAINT AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Even if Plaintiff could bring a claim under the NJLAD, he fails to allege more than conclusory allegations that he was discriminated against under that statute. As explained in further detail below, Plaintiff fails to establish a *prima facie* case of discrimination, hostile work environment and retaliation. Further, Plaintiff's disability discrimination claims are time-barred. Each cause of action must therefore be dismissed as a matter of law.

A. **Plaintiff's Race and National Origin Discrimination Claims Should be Dismissed Because He Fails to State a Prima Facie Case of Discrimination.**

To establish a *prima facie* case for unlawful termination and discrimination under the NJLAD, a plaintiff must demonstrate (1) that he belongs to a protected class; (2) was qualified for the position held; (3) was terminated despite adequate qualifications; and (4) the reason for his termination was affected significantly by his protected characteristic. Zhuang v. EMD Performance Materials Corp., 2018 U.S. Dist. LEXIS 137764, at *29 (D.N.J. Aug. 10, 2018). Further, a plaintiff must show that his protected characteristic "played a role in the decision-making process to terminate [his] employment and that it had a determinative influence on the outcome of that process." Id. at *30.

In Zhuang, the plaintiff alleged that she was discriminated against based on her race because she was required to write weekly work reports, while her white co-workers were not. Id. She further claimed that she was criticized for leaving a social dinner, while her co-worker who was white did not receive any criticism for that same conduct. Id. However, because she failed to connect any of those instances to her termination, or any other adverse employment action, the court granted the employer's motion to dismiss her NJLAD claims. Id. at *31.

Plaintiff's allegations are remarkably similar to those of Ms. Zhuang in the above-mentioned case. Although Plaintiff vaguely alleges that he did not receive the same support as his peers and was singled out by Mr. Peraino and Mr. Schneider, he fails to allege any facts to link those allegations to his race or national origin. See Dkt. No. 1, Exhibit A at ¶¶ 13, 23 and 26. Rather, like Ms. Zhuang, Plaintiff vaguely alleges that his non-Indian peers were not subject to the same conduct. Plaintiff further alleges that he was the only individual junior to Mr. Peraino of Indian national origin and that there were no people of Indian national origin at the SVP level. Id. at ¶ 25. Like Ms. Zhuang, Plaintiff's allegations fail to make a connection between his protected

6

characteristic and any adverse employment action sufficient to state a plausible claim for race or national origin discrimination. See also Bobo v. Wildwood Pub. Sch. Bd. Of Educ., 2014 U.S. Dist. LEXIS 176654, at *52 ("Though the Court must take Plaintiff's facts as true for purposes of a motion to dismiss and make reasonable inferences in his factor, the Court is not required to read facts into Plaintiff's Amended Complaint that simply do not exist and are necessary for purposes of stating a claim under the NJLAD.").

Because Plaintiff does not allege facts to suggest that he was discriminated against based on his race or national origin, his discrimination claims based on those characteristics must be dismissed.

**B.     Plaintiff Fails to Allege Facts to Suggest that He Was Subjected to a Severe or Pervasive Hostile Working Environment.**

To state a claim of hostile work environment under the NJLAD, Plaintiff must demonstrate that the alleged discriminatory conduct "(1) would not have occurred but for [his] protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive." Feeney v. Jefferies & Co., 2010 U.S. Dist. LEXIS 64033, at *13 (D.N.J. June 25, 2010).

Claims for hostile work environment under the NJLAD are subjected to the same "severe or pervasive standard" as claims brought under federal law. Id. at *14. Importantly, courts analyzing hostile work environment claims under the NJLAD "determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at *15 (quoting Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998)).

"[S]imple teasing, off-hand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Id.

Plaintiff claims that he was not given the same support as other individuals at his level but fails to specify which departments or individuals were treated better than him. See Dkt. No. 1, Exhibit A at ¶ 24. Plaintiff further alleges that his "dotted-line" supervisor called him the "red-headed stepchild" of his division, which Plaintiff understood to mean that he was not treated "on par" with other individuals at his level. See Dkt. No. 1, Exhibit A at ¶ 26. Although Plaintiff claims that he was subjected to these comments on several occasions, he fails to give any information as to the frequency of such comments. His allegations, therefore, are insufficient to sustain a hostile work environment claim. Feeney, 2010 U.S. Dist. LEXIS 64033, at *16 (dismissing the plaintiff's hostile work environment claim pursuant to Rule 12(b)(6) where, although the plaintiff alleged that he was subjected to discriminatory comments "repeatedly," comments that *directly* and in a derogatory manner referenced his ethnicity/ancestry, such a vague allegation "gives no information as to the frequency with which [the defendant] engaged in such behavior," and thus was "insufficient to sustain a hostile work environment claim."). Nevertheless, Plaintiff once again fails to allege any facts linking these comments to his race, national origin or disability.

Finally, Plaintiff does not allege that this conduct unreasonably interfered with his work performance. Feeney, supra. To the contrary, Plaintiff boasts about his alleged stellar performance and positive relationships with his peers and supervisors throughout his employment in Singapore. Because the behavior alleged in Plaintiff's Complaint does not rise to the level of severe or pervasive conduct such that it had any impact whatsoever on his performance, Plaintiff's hostile work environment claim must be dismissed.

### C. Plaintiff's Disability Discrimination Claims are Time-Barred.

To the extent Plaintiff asserts a failure to accommodate disability discrimination claim under the NJLAD, this cause of action is time-barred. A two-year statute of limitations applies to NJLAD claims, including claims for failure to accommodate. Fado v. Kimber Mfg., 2016 U.S. Dist. LEXIS 93224, at *10 (D.N.J. July 18, 2016). A failure to accommodate claim accrues when the plaintiff makes a request for an accommodation and that request is denied. Id. (citing Wunder v. Katherine Gibbs Sch., 2010 U.S. Dist. LEXIS 65435, at *5 n.9 (D.N.J. July 1, 2010).

Plaintiff alleges that he requested an extension of his leave of absence for his dysthymia in October 2017, which was subsequently denied by Defendant. See Dkt. No. 1, Exhibit A at ¶ 23. Plaintiff filed the present action on August 13, 2020 – nearly three years after the denial of his accommodation request. This far exceeds the two-year statute of limitations for failure to accommodate claims under the NJLAD. As such, Plaintiff's disability claim must be dismissed.

### D. Plaintiff's Allegations Regarding Retaliation Fail to State a Causal Link Between His Purported Protected Activity and Any Adverse Employment Action.

To establish a *prima facie* case of retaliation under the NJLAD, Plaintiff must demonstrate: "(1) that [he] engaged in protected activity; (2) the activity was known to the employer; (3) [he] suffered an adverse employment decision; and (4) there existed a causal link between the protected activity and the adverse employment action." Fado, 2016 U.S. Dist. LEXIS 93224, at *21. Where the alleged protected activity and adverse employment decision are too remote in time, a plaintiff cannot support a causal connection sufficient to state a claim for retaliation. Id. at *22. Courts analyzing retaliation claims under the NJLAD have found that an adverse action that occurs a year or more after the plaintiff engaged in protected activity is too

remote in time to support a causal connection. Id. (finding that protected conduct occurring over a year before the employee was terminated was too remote to support a retaliation claim); see also Mann v. Prince Telecom, LLC, 2013 U.S. Dist. LEXIS 104699, at *6 (D.N.J. July 26, 2013) (finding that the plaintiff's protected activity was too remote in time to support a causal connection through temporal proximity to the adverse employment action); Dooley v. Roche Labs, Inc., 2007 U.S. Dist. LEXIS 10467, at *10 (D.N.J. Feb. 15, 2007) (finding that one year was too long to establish temporal proximity); Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004).

Plaintiff alleges that he engaged in protected activity by complaining to Human Resources in February 2017 – over a year and a half before his eventual termination. See Dkt. No. 1, Exhibit A at ¶ 17. Although Plaintiff alleges that he complained in March 2018 to his superiors about "the lack of hiring or moving of support staff and reduced bonus for the year 2017" (Id. at ¶ 28), such conduct does not constitute "protected activity" under the NJLAD for purposes of establishing a retaliation claim. Ogunbayo v. Hertz Corp., 542 F. App'x 105, 107 (3d Cir. 2013). Rather, "only challenges to discrimination prohibited by the NJLAD – such as discrimination on the basis of race, age, or gender, N.J. Stat. Ann. § 10:5-12(d) – constitute 'protected activity.'" Id. Plaintiff's March 2018 complaint, therefore, is merely a "'general complaint of unfair treatment' that does not amount to a charge of illegal discrimination." Fado, 2016 U.S. Dist. LEXIS 93224, at *23 (quoting Ogunbayo, 542 F. App'x at 107).

Further, Plaintiff claims that Mastercard discriminated against him by reducing his bonus and subjecting him to a performance review in which he received a score of "meets expectations." See Dkt. No. 1, Exhibit A at ¶ 16. However, he fails to present any facts to sufficiently allege that his bonus reduction was in any way related to any protected activity.

10

Therefore, such allegations cannot be considered an "adverse employment decision" sufficient to state a claim for retaliation.  See Hassell v. Johnson & Johnson, 2014 U.S. Dist. LEXIS 60503, at *19 (D.N.J. May 1, 2014) ("Merely alleging that [bonus] amounts were less in 2012 and 2013 than they were in 2011 hardly makes it plausible that it was the result of retaliation because Plaintiff fails to allege any facts surrounding whether these amount(s) have fluctuated in previous years and/or whether other employees also experienced a decrease in their merit increases, bonuses, and long-term incentive compensations for 2012 and 2013.").

Finally, Plaintiff asserts that in the year and a half after his complaint to Human Resources, he was able to achieve all of his objectives for 2017 and received a positive performance review from his manager.  See Dkt. No. 1, Exhibit A at ¶ 27.  Plaintiff was also able to excel in his role throughout 2018 and received compliments from his colleagues.  Id. at ¶ 30.  Finally, Plaintiff alleges that when he spoke with Mr. Setrakian and Mr. Schneider about a role change and potential transfer to another division in July 2018, it was well received by both.  Id. at ¶ 31.  To assert that Defendant retaliated against him after a year and a half of receiving positive performance reviews, exceeding expectations and building relationships with his colleagues and supervisors is illogical.

Plaintiff's complaints to Human Resources were simply too remote in time from his termination.  As such, Plaintiff fails to state a *prima facie* case of retaliation under the NJLAD.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order granting its motion to dismiss Plaintiff's Complaint in its entirety, with prejudice, and awarding such other relief as it deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JACKSON LEWIS P.C.<br>666 Third Avenue, 29th Floor<br>New York, New York 10017<br>(212) 545-4000 |
| Dated: April 5, 2021<br>New York, New York | By: */s/ Diane Windholz*<br>Diane Windholz<br>Laura Victorelli |
|  | ATTORNEYS FOR DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED |

4850-0325-0916, v. 1