**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAMBIT PATTANAYAK,

Plaintiff,

v.

MASTERCARD, INC.,

Defendant.

**Case No. 21-cv-02657-GBD**

### DEFENDANT MASTERCARD INTERNATIONAL INCORPORATED'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Diane Windholz
Laura Victorelli

ATTORNEYS FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

## **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL STATEMENT AND PROCEDURAL HISTORY........................................................ 2

    A.    Plaintiff's Employment with Mastercard ................................................................. 2

    B.    Procedural History ................................................................................................. 5

ARGUMENT ........................................................................................................................... 5

POINT I ................................................................................................................................... 5

    PLAINTIFF'S STATE LAW CLAIMS AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE THE NYSHRL DOES NOT PROTECT INDIVIDUALS EMPLOYED OUTSIDE THE STATE OF NEW YORK. ...................... 5

POINT II .................................................................................................................................. 7

    PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. ...................................... 7

    A.    Plaintiff's Race, National Origin and Disability Discrimination Claims Should be Dismissed Because Plaintiff Fails to State a *Prima Facie* Case of Discrimination Under Title VII, the ADA and the NYSHRL. ....................................................... 8

    B.    Plaintiff Fails to Allege Facts to Suggest He Was Subjected to a Severe or Pervasive Hostile Working Environment Under Federal and State Law. ............ 10

    C.    Plaintiff's Failure to Accommodate Claims Under the ADA are Time-Barred. .. 12

    D.    Plaintiff's Allegations Regarding Retaliation Fail to State a Causal Link Between His Purported Protected Activity and Any Adverse Employment Action. .......... 13

CONCLUSION...................................................................................................................... 15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Alexander v. New York City Dep't of Educ.,
    2020 U.S. Dist. LEXIS 223311 (S.D.N.Y. Nov. 30, 2020) .....................................................11

Alfano v. Costello,
    294 F. 3d 365 (2d Cir. 2002) ..................................................................................................9

Altieri v. Albany Pub. Library,
    172 Fed. Appx. 331 (2d Cir. 2006) .......................................................................................15

Amtrak v. Morgan,
    536 U.S. 101 (2002) .............................................................................................................12

Blair v. L.I. Child & Family Dev. Servs.,
    2017 U.S. Dist. LEXIS 14177 (E.D.N.Y. Jan. 31, 2017) .......................................................13

D'Amico v. City of New York,
    159 A.D. 3d 558, 73 N.Y.S. 3d 540 (1st Dep't 2018) ...........................................................14

Drumm v. SUNY Geneseo College,
    486 Fed. Appx. 912 (2d Cir. 2012) .........................................................................................9

EEOC v. Bloomberg, L.P.,
    967 F. Supp. 2d 816 (S.D.N.Y. 2013) .....................................................................................7

Fleming v. MaxMara USA, Inc.,
    371 F. Appx. 115 (2d Cir. 2010) ...........................................................................................12

Fox v. Costco Wholesale Corp.,
    918 F.3d 65 (2d Cir. 2019) ......................................................................................................9

Harvin v. Manhattan & Bronx Surface Transit Operating Auth.,
    2016 U.S. Dist. LEXIS 28152 (E.D.N.Y. Mar. 3, 2016) .......................................................12

Hoffman v. Parade Publications,
    15 N.Y.3d 285 (2010) ..........................................................................................................5, 6

Hunt-Watts v. Nassau Health Care Corp.,
    43 F. Supp. 3d 119 (E.D.N.Y. 2014) .....................................................................................10

Kingston v. Int'l Bus. Machs. Corp.,
    135 N.Y.S. 3d 9 (1st Dep't 2020) ............................................................................................6

LaSalle v. City of New York,
   2015 U.S. Dist. LEXIS 41163 (S.D.N.Y. Mar. 30, 2015) ......................................................15

Maiurano v. Cantor Fitzgerald Sec.,
   2021 U.S. Dist. LEXIS 3762 (S.D.N.Y. Jan. 8, 2021)............................................................10

Mauro v. N.Y. City Dep't of Educ.,
   2020 U.S. Dist. LEXIS 120830 (S.D.N.Y. July 9, 2020) ......................................................11

Maynard v. Montefiore Med. Ctr.,
   2021 U.S. Dist. LEXIS 21570 (S.D.N.Y. Feb. 4, 2021) ..........................................................8

Pedroza v. Ralph Lauren Corp.,
   2020 U.S. Dist. LEXIS 131504 (S.D.N.Y. July 24, 2020) .......................................................7

Piligian v. Ichan Sch. Of Med.,
   2020 U.S. Dist. LEXIS 63497 (S.D.N.Y. Apr. 7, 2020)..........................................................14

Pistello v. Bd. of Educ. Of the Canastota Cent. Sch. Dist.,
   808 Fed. Appx. 19 (2d Cir. 2020) ..........................................................................................11

Shah v. Motors Liquidation Co. GUC Trust,
   2013 U.S. Dist. LEXIS 191827 (S.D.N.Y. June 3, 2013).........................................................9

Stevens v. Rite Aid Corp.,
   2015 U.S. Dist. LEXIS 127312 (N.D.N.Y. Sept. 12, 2015) ...................................................10

Tsatsani v. Walmart, Inc.,
   2020 U.S. Dist. LEXIS 212634 (S.D.N.Y. Oct. 26, 2020) .....................................................11

Ware v. L-3 Vertex Aerospace, LLC,
   833 Fed. Appx. 357 (2d Cir. 2020)...........................................................................................6

Watson v. Arts & Entm't TV Network,
   2008 U.S. Dist. LEXIS 24059 (S.D.N.Y. Mar. 26, 2008) .......................................................9

Williams v. N.Y. State Unified Court Sys. Office of Court Admin.,
   2017 U.S. Dist. LEXIS 162736 ................................................................................................8

Wolf v. Imus,
   96 N.Y.S. 54 (1st Dep't 2019) ..................................................................................................6

Woolf v. Strada,
   949 F.3d 89 (2d Cir. 2020)........................................................................................................8

Xiang v. Eagle Enters., LLC,
   2020 U.S. Dist. LEXIS 7909 (S.D.N.Y. Jan. 16, 2020)..........................................................13

<u>Xu v. City of New York</u>,
   2020 U.S. Dist. LEXIS 250821 (S.D.N.Y. Dec. 22, 2020) ......................................................9

**Statutes**

ADA ............................................................................................................... *passim*

Civil Right Act of 1964 Title VII .............................................................................7

NYSHRL ........................................................................................................ *passim*

Title VII ........................................................................................................ *passim*

**Other Authorities**

N.Y. Senate Bill S6594/A8424 .............................................................................10

Defendant Mastercard International Incorporated, incorrectly named in this action as "Mastercard, Inc." ("Defendant" or "Mastercard"), submits this reply memorandum of law in further support of its Motion to Dismiss Plaintiff Sambit Pattanayak's ("Plaintiff's") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Although Plaintiff has amended his Complaint to include additional facts and new causes of action, his opposition to Defendant's Motion to Dismiss once again fails to state with any specificity whatsoever any discrimination experienced by him throughout his employment at Mastercard.  In his original Complaint, filed in the Superior Court of New Jersey, Hudson County on August 13, 2020, Plaintiff only asserted claims pursuant to the New Jersey Law Against Discrimination ("NJLAD"), despite the fact that he never worked in New Jersey.  In an attempt to cure the deficiencies in his original Complaint, Plaintiff filed an Amended Complaint to include claims under Title VII of the Civil Right Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL").

Defendant's Motion to Dismiss was filed in response to Plaintiff's original Complaint. Plaintiff's opposition to that Motion, however, was based on the allegations and causes of action presented in his Amended Complaint.  In this reply, Defendant addresses the new claims raised in Plaintiff's Amended Complaint.  Like his initial Complaint, Plaintiff's Amended Complaint fails because Plaintiff fails to plead facts sufficient to state a plausible claim of race, national origin or disability discrimination under any of the above-mentioned statutes.  Further, Plaintiff's failure to accommodate claim under the ADA is time-barred.  Finally, Plaintiff cannot bring claims under the NYSHRL because he did not work in New York at any point during the relevant time period and worked exclusively in the Republic of Singapore.  Accordingly,

Defendant respectfully submits Plaintiff's Amended Complaint should be dismissed with prejudice.

<b><u>FACTUAL STATEMENT AND PROCEDURAL HISTORY</u></b>[1]

**A.      Plaintiff's Employment with Mastercard**

Although amended to add causes of action pursuant to federal and New York state law, the factual allegations contained in Plaintiff's Amended Complaint largely mirror those in the original Complaint, which was filed in New Jersey State Court in August 2020.  Plaintiff asserts that he began working for Defendant in 2012 as Vice President of Product Management in Defendant's New York offices prior to any of the alleged discrimination taking place.  See Dkt. No. 28 at ¶ 12.  In October 2015, Plaintiff was transferred to Defendant's Singapore branch.  Id. at ¶ 13.  Plaintiff alleges that for the first two years of his employment in Singapore, he reported to Richard Crum in Defendant's New York offices.  Id. at ¶ 15.  Thereafter, Plaintiff reported to Scott Setrakian.  Id. at ¶ 17.  Notably, although Plaintiff's Amended Complaint fails to allege where in the United States Mr. Setrakian worked throughout the relevant time period, his original Complaint makes clear that Mr. Setrakian was based out of Mastercard's San Francisco offices.  See Dkt. No. 1, Exhibit A at ¶ 6.

*All* of the alleged discriminatory conduct alleged by Plaintiff occurred *after* his transfer to Singapore in 2015.  While Plaintiff alleges he travelled to the United States after his transfer to Singapore, he fails to state with any specificity whatsoever as to where in the United States he travelled or with what frequency he travelled there.  See Dkt. No. 28 at ¶ 22.  During a trip to the United States in March 2016, Plaintiff alleges that he was subjected to discrimination

---

[1] As is required at this stage of the litigation, and solely for purposes of this motion, Defendant accepts as true Plaintiff's allegations in the Amended Complaint but reserves the right to controvert such allegations (which Defendant expressly denies) in any further proceedings in this matter.

based on his race and national origin by his supervisor David Peraino in the presence of Sachin Mehra.[2] Id. at ¶ 25.  Specifically, Plaintiff claims that Mr. Peraino "cursed at him using extremely abusive, foul language, humiliated him, and threatened him."  Id.  Plaintiff further alleges that around that same time, Mr. Peraino told Plaintiff that he was "going to come after [him]" in violation of Mastercard's "strong written policies" against such comments.  Id. at ¶ 30.

Plaintiff further alleges that he complained to Mr. Crum in May 2016 because his performance objectives were changed, and he was asked to create new products for the group outside of his expertise.  Id. at ¶¶ 33-34.  Plaintiff felt that Mr. Peraino pushed for and ensured a poor year-end performance review.  Id. at ¶ 38.  Notably, however, Plaintiff still received a rating of "Meets Expectations" at that review.  Id. at ¶ 40.  Plaintiff claims that after receiving this performance review in February 2017, he complained to Human Resources.  Id. at ¶ 44.  Plaintiff fails to specify to whom in Human Resources he complained, or the specific allegations contained in that complaint.  In fact, although Plaintiff claims to have complained of "harassment, discrimination and retaliation" he fails to state which protected characteristic was the basis of the alleged discrimination.

A short time after starting his new position as Vice President of Client Services in Defendant's Singapore office in April 2017, Plaintiff informed his managers Scott Setrakian and Cathy Baker that he required a medical leave of absence.  Id. at ¶¶ 46-47.  Plaintiff received approval for a two-month leave of absence and returned to work in October 2017.  Id. at ¶ 48.  Plaintiff alleges that upon his return to work, he requested an extension of that leave, but that his request was denied.  Id. at ¶ 49.  Plaintiff claims that one of his colleagues was given approximately

---

[2] In 2019, Sachin Mehra was elevated to his current position of Chief Financial Officer.  Mr. Mehra, like Plaintiff, is Indian.  News: Mastercard elevates one more Indian to top brass, names Sachin Mehra new CFO — People Matters (peoplemattersglobal.com)

one year off of work to focus on her "personal situation," and that her benefits and accrued compensation were preserved.  Id. at ¶ 50.  Plaintiff fails to provide any detail as to where this individual worked, what position she held, the nature of her disability or her requested accommodation.

Plaintiff also vaguely alleges that he was given less support than his peers with similar responsibilities and that his "main request for an accommodation" was additional staff to help balance his workload.  Id. at ¶¶ 53-54.  He further alleges that the SVP of the APT Division, Ed Lee, heard from Mr. Setrakian that Plaintiff was not given additional resources because of his health issues.  Id. at ¶ 50.  Finally, Plaintiff alleges that, upon his return from leave, his "dotted line manager" Eric Schneider, called him the "red-headed stepchild" of the division.  Id. at ¶ 59.

Despite the above allegations, Plaintiff purports that he was able to achieve all of his objectives for 2017 and received a positive performance review from his manager.  Id. at ¶ 60. Plaintiff states that he was able to excel in his role throughout 2018, as well – exceeding his sales targets and receiving compliments from his colleagues.  Id. at ¶ 64.  When Plaintiff spoke with his supervisors in Singapore about a role change and potential transfer to another division in July 2018, it was well received by them.  Id. at ¶ 67.

Plaintiff alleges that he was terminated on August 16, 2018 after being presented with a severance agreement.  Id. at ¶ 68.[3]  After learning of his termination, Plaintiff allegedly informed Human Resources that he retained legal counsel and had claims pursuant to U.S. Equal Employment Opportunity laws.  Id. at ¶ 70.

---

[3] Although Plaintiff's Amended Complaint asserts that he informed Human Resources that he retained legal counsel and had claims pursuant to U.S. Equal Employment Opportunity laws, these allegations are not presented in Plaintiff's Opposition to Defendant's Motion to Dismiss as supporting his argument that his "First Amended Complaint Establishes a *Prima Facie* Case of Retaliation."  See Dkt. No. 30 at p. 15-17.

B.      **Procedural History**

Plaintiff filed his original Complaint on August 13, 2020 in the Superior Court of New Jersey, Hudson County, alleging only claims pursuant to the NJLAD.  See Dkt. No. 1, Exhibit A.  Defendant removed this matter to the District of New Jersey on September 14, 2020 and subsequently moved to dismiss Plaintiff's claims for lack of personal jurisdiction.  See Dkt. Nos. 2 and 6.  Defendant's motion was granted, and the case was subsequently transferred to this Court on March 29, 2021.  See Dkt. Nos. 14 and 17.  Defendant once again moved to dismiss Plaintiff's original Complaint on April 5, 2021 for failure to state a claim upon which relief could be granted under the NJLAD.  See Dkt. No. 24.  Prior to opposing Defendant's pending motion, Plaintiff filed an Amended Complaint on April 26, 2021, asserting claims under Title VII, the ADA and the NYSHRL.  See Dkt. No. 28.  Plaintiff's opposition to Defendant's Motion to Dismiss was subsequently filed on May 4, 2021 and failed to address any of the arguments presented in Defendant's original Motion.  Instead, Plaintiff's opposition is based entirely on the unsupported premise that "Plaintiff's First *Amended* Complaint Sets Forth Viable Claims Upon Which Relief Can be Granted."  See Dkt. No. 30 at p.11 (emphasis added).

## ARGUMENT

### POINT I

**PLAINTIFF'S STATE LAW CLAIMS AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE THE NYSHRL DOES NOT PROTECT INDIVIDUALS EMPLOYED OUTSIDE THE STATE OF NEW YORK.**

It is well-settled that the anti-discrimination and anti-retaliation provisions of the NYSHRL protect only residents and employees of New York State.  More than a decade ago, the New York Court of Appeals was asked to determine whether "nonresidents of the . . . [State of New York] must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries" when asserting claims under the NYSHRL.  Hoffman v. Parade

Publications, 15 N.Y.3d 285, 289 (2010).  The Court of Appeals unequivocally answered this question in the affirmative, holding that "the policies underpinning those laws require that they must."  Id.  The Court held that the New York Assembly's "obvious intent" in passing the NYSHRL was "to protect 'inhabitants' and persons 'within' the state, meaning that those who work in New York fall within the class of person who may bring discrimination claims in New York."  Id. at 291.[4]

Since the Court of Appeals' decision in Hoffman, courts have uniformly rejected applying the protections of the NYSHRL to nonresidents and individuals who did not work within New York.  See, e.g., Ware v. L-3 Vertex Aerospace, LLC, 833 Fed. Appx. 357, 358-59 (2d Cir. 2020) (affirming lower court's dismissal of the plaintiff's NYSHRL claims because the plaintiff was a resident of Jacksonville Florida during his employment and was employed by the defendant in Afghanistan); Kingston v. Int'l Bus. Machs. Corp., 135 N.Y.S. 3d 9 (1st Dep't 2020) (affirming dismissal of NYSHRL claims of the plaintiff who resided and worked in Texas and was present within New York only up to nine days per year); Wolf v. Imus, 96 N.Y.S. 54 (1st Dep't 2019) (affirming dismissal of NYSHRL claims for lack of conduct within the State of New York because the plaintiff resided and worked in Florida).

As is clearly stated in the Amended Complaint, Plaintiff is a resident of the State of New Jersey and worked for Defendant in Singapore.  See Dkt. No. 28 at ¶¶ 9 and 13.  Therefore, in order to state a claim under the NYSHRL, Plaintiff would have to assert that the alleged discriminatory conduct took place in New York and that he felt the impact of the discrimination in this State.  Significantly, Plaintiff worked and lived in Singapore throughout the relevant time

---

[4] Although the Court of Appeals noted that the NYSHRL contains an extraterritoriality provision to permit its invocation for certain acts committed outside the State of New York, the Court held that "the Legislature plainly has not extended such protections to nonresidents like [Plaintiff] who are unable to demonstrate that the impact of the discriminatory act was felt inside the state."  Id. at 292.

period.  Presumably, the impact of the alleged discrimination was therefore felt in Singapore.

Plaintiff's allegations that he travelled to and from New York and communicated with

management and Defendant's Human Resources Department in this State is not enough to provide

a connection to New York to prove an impact here.  See Pedroza v. Ralph Lauren Corp., 2020 U.S.

Dist. LEXIS 131504, at 13-14 (S.D.N.Y. July 24, 2020) (dismissing the plaintiff's NYSHRL

claims, despite her occasional travel to New York); EEOC v. Bloomberg, L.P., 967 F. Supp. 2d

816, 865 (S.D.N.Y. 2013) ("[B]oth the New York Court of Appeals and the Court of Appeals for

the Second Circuit have held that the impact requirement is not satisfied simply by pointing to

frequent communication with a managing office in New York City and meetings there regarding

local projects.").

Because Plaintiff fails to allege that he was employed in the State of New York or

felt the impact of any of the alleged discrimination within this state, his NYSHRL claims fail as a

matter of law, and the Court should dismiss the claims pursuant to that statute with prejudice.

### POINT II

### PLAINTIFF'S FEDERAL AND STATE LAW CLAIMS AGAINST MASTERCARD INTERNATIONAL, INC. MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Even if Plaintiff could bring a claim under the NYSHRL, he fails to allege more

than conclusory allegations that he was discriminated against under that statute or its federal

counterparts.  As explained in further detail below, Plaintiff fails to establish a *prima facie* case of

discrimination, hostile work environment or retaliation under the NYSHRL, Title VII or the ADA.

Further, Plaintiff's failure to accommodate claim under the ADA is time-barred.  Each cause of

action must therefore be dismissed as a matter of law.

**A.    Plaintiff's Race, National Origin and Disability Discrimination Claims Should be Dismissed Because Plaintiff Fails to State a *Prima Facie* Case of Discrimination Under Title VII, the ADA and the NYSHRL.**

To establish a *prima facie* case of discrimination under Title VII and the NYSHRL, Plaintiff must show that "(1) []he is a member of a protected class; (2) []he is qualified for h[is] position; (3) []he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination."  Maynard v. Montefiore Med. Ctr., 2021 U.S. Dist. LEXIS 21570, at *12 (S.D.N.Y. Feb. 4, 2021).  Similarly to establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must show by a preponderance of the evidence that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without a reasonable accommodation; and (4) he suffered adverse employment action because of his disability."  Woolf v. Strada, 949 F.3d 89, 93 (2d Cir. 2020).

Plaintiff fails to allege sufficient facts to give rise to an inference of discrimination under Title VII or the NYSHRL.  Although Plaintiff claims that he was subjected to "abusive, foul language" by his supervisor and that Mr. Peraino "pushed for and ensured a poor year-end performance review," he fails to connect those allegations to his race or national origin.  Indeed, the only reference Plaintiff makes to his national origin is that he was the only employee junior to Mr. Peraino that was of Indian national origin.  See Dkt. No. 28 at ¶¶ 80 and 121.[5] These allegations are insufficient to make out a *prima facie* case of race or national origin discrimination.  See, e.g., Williams v. N.Y. State Unified Court Sys. Office of Court Admin., 2017 U.S. Dist. LEXIS 162736,

---

[5]Plaintiff's allegations of harassment and discrimination by Mr. Peraino are time-barred under Title VII.  Plaintiff alleges that Mr. Peraino harassed him and ensured that he received a poor performance review in 2016.  Plaintiff filed his charge of discrimination in February 2019 and initially filed this action in New Jersey state court in August 2020, nearly four years after the alleged discriminatory conduct he attributes to Mr. Peraino.

at *30 (dismissing the plaintiff's discrimination claims, even though her supervisor allegedly failed to take action after witnessing other employees "berate and use profane language" towards her.); Drumm v. SUNY Geneseo College, 486 Fed. Appx. 912, 914 (2d Cir. 2012) (affirming dismissal of the plaintiff's complaint, even though it contained allegations that "her supervisor 'berated' her and made other harsh comments" towards her); Alfano v. Costello, 294 F. 3d 365, 377 (2d Cir. 2002) ("[M]any bosses are harsh, unjust, and rude.  It is therefore important . . . to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination."); Xu v. City of New York, 2020 U.S. Dist. LEXIS 250821, at *98 (S.D.N.Y. Dec. 22, 2020) ("[B]eing the only member of a protected class in a department does not give rise to an inference of discrimination."); Watson v. Arts & Entm't TV Network, 2008 U.S. Dist. LEXIS 24059, at n. 5 (S.D.N.Y. Mar. 26, 2008).  Plaintiff further claims that he was terminated because of his race and national origin.  However, "the mere fact that an employee is terminated does not raise an inference of discrimination, even where that employee is unfairly singled out or fired for no reason at all."  Shah v. Motors Liquidation Co. GUC Trust, 2013 U.S. Dist. LEXIS 191827, at *5 (S.D.N.Y. June 3, 2013).

In support of his disability discrimination claim, Plaintiff generally alleges that he was provided less support than other individuals in his position and that he was denied an extension of his leave of absence for his dysthymia in October 2017.  See Dkt. No. 28 at ¶¶ 48-49 and 113. Other than Plaintiff's sole allegation that Ed Lee stated that the Division had decided to hold back moving allocated resources to Plaintiff because of his "health issues," Plaintiff fails to provide any facts to suggest that he was given less support *because of* his disability.  Nevertheless, the withholding of such resources does not rise to the level of "adverse employment actions" sufficient to establish the fourth element of a *prima facie* case under the ADA.  Rather, an adverse

9

employment action under that statute "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Fox v. Costco Wholesale Corp., 918 F.3d 65, 71 (2d Cir. 2019).

Additionally, to the extent Plaintiff alleges a failure to accommodate claim based on Defendant's failure to hire additional support staff for his department, such claims are insufficient as a matter of law to state a plausible claim under the ADA.  See Hunt-Watts v. Nassau Health Care Corp., 43 F. Supp. 3d 119, 134 (E.D.N.Y. 2014) (holding that plaintiff "fail[ed] to establish a *prima facie* case that a reasonable accommodation exists" where she asserted that she could perform her essential job functions if the company provided her with a nurse to assist in performing her duties or had other podiatrists perform operations and surgeries.); Stevens v. Rite Aid Corp., 2015 U.S. Dist. LEXIS 127312, at *13 (N.D.N.Y. Sept. 12, 2015) (finding that a request that the company hire another nurse to perform the plaintiff's job functions did "not constitute a reasonable accommodation within the meaning of the ADA.").  Plaintiff's bare allegation that he was given less support than others, without more, is simply not enough to constitute an "adverse employment action" or failure to accommodate under the ADA.

Because Plaintiff fails to establish a *prima facie* case under any of the applicable statutes, his claims must be dismissed for failure to state a claim upon which relief can be granted.

**B.**     **Plaintiff Fails to Allege Facts to Suggest He Was Subjected to a Severe or Pervasive Hostile Working Environment Under Federal and State Law.**

Plaintiff's NYSHRL and Title VII hostile work environment claims are analyzed under the same framework.[6]  To state a claim for hostile work environment under those statutes,

---

[6] Although the NYSHRL was amended effective October 11, 2019 to eliminate the requirement that harassing or discriminatory conduct be severe or pervasive in order to be actionable, the amendment only applies to claims that accrue on or after the effective date.  See N.Y. Senate Bill S6594/A8424 ("Section[] one . . . shall only apply to claims accrued under such sections on or after the effective date of such sections.").  Because Plaintiff's NYSHRL hostile work environment claims accrued on or before August 2018 when he was terminated, his claims are still subject to the federal "severe or pervasive" standard.  See, e.g., Maiurano v. Cantor Fitzgerald Sec., 2021 U.S. Dist. LEXIS 3762, n.2 (S.D.N.Y. Jan. 8, 2021).

Plaintiff must demonstrate that the workplace exhibits "discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Mauro v. N.Y. City Dep't of Educ., 2020 U.S. Dist. LEXIS 120830, at *11 (S.D.N.Y. July 9, 2020). Similarly, under the ADA, a plaintiff must show "(1) that the harassment was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment; and (2) that a specific basis exists for imputing the objectionable conduct to the employer." Pistello v. Bd. of Educ. Of the Canastota Cent. Sch. Dist., 808 Fed. Appx. 19, 24 (2d Cir. 2020). Further, "[a] plaintiff asserting a hostile work environment claim under the ADA must demonstrate that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of h[is] working environment." Tsatsani v. Walmart, Inc., 2020 U.S. Dist. LEXIS 212634, at *31 (S.D.N.Y. Oct. 26, 2020).

To support his claims of hostile work environment based on his race/national origin, Plaintiff claims that he was subject to more "strenuous workloads" than other employees. See Dkt. No. 28 at ¶ 105. He also alleges that his division was "understaffed and overworked" and that his manager had "limited communications with him and began making decisions about Plaintiffs [sic] work and projects in his scope without consulting him." Id. at ¶¶ 107-08. Similarly, to support his claims of hostile work environment based on his disability, Plaintiff alleges generally that he was not provided with the same support systems as other divisions and was overworked. Id. at ¶¶ 113 and 135.

Plaintiff's allegations are simply insufficient to rise to the level of severe or pervasive conduct necessary to sustain a claim under any of the above-mentioned statutes. See, e.g., Alexander v. New York City Dep't of Educ., 2020 U.S. Dist. LEXIS 223311, at *23-24

(S.D.N.Y. Nov. 30, 2020) (holding that the plaintiff failed to establish the kind of severity and pervasiveness that can amount to an actionable hostile work environment claim under Title VII or the NYSHRL simply because he was allgedly given an excessive workload compared to other teachers); Fleming v. MaxMara USA, Inc., 371 F. Appx. 115, 119 (2d Cir. 2010) (holding that no hostile work environment under Title VII or the NYSHRL existed where, among other things, "defendants wrongly excluded [the plaintiff] from meetings, excessively criticized her work, refused to answer work-related questions [and] arbitrarily imposed duties outside of her responsibilities."); Harvin v. Manhattan & Bronx Surface Transit Operating Auth., 2016 U.S. Dist. LEXIS 28152, at *34-35 (E.D.N.Y. Mar. 3, 2016) (finding that the plaintiff failed to state a claim for a hostile work environment under the ADA where she complained that "she was assigned a heavy workload; denied proper trainings, resources, and assistance to perform her work; and was treated unfairly.").

Because Plaintiff fails to provide facts to establish a severe or pervasive hostile work environment sufficient to sustain an actionable claim under federal or state law, his claims must be summarily dismissed.

### C.    Plaintiff's Failure to Accommodate Claims Under the ADA are Time-Barred.

To be timely, a charge of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. Amtrak v. Morgan, 536 U.S. 101, 108-09 (2002). "A claim is time barred if it is not filed within th[is] time limit." Id. at 109. Plaintiff's Charge of Discrimination was received by the EEOC on February 25, 2019. Accordingly, any allegations of discrimination that are based on events preceding May 1, 2018 are time-barred and should be dismissed.

Plaintiff alleges that he requested an extension of his leave of absence for his dysthymia in October 2017, which was subsequently denied by Defendant.  See Dkt. No. 28 at ¶¶ 48-49.  "An employer's rejection of an employee's request for a reasonable accommodation is a discrete act that triggers the running of the statute of limitations for a failure to accommodate claim."  Blair v. L.I. Child & Family Dev. Servs., 2017 U.S. Dist. LEXIS 14177, at *39 (E.D.N.Y. Jan. 31, 2017).  Therefore, "an employer's rejection of an employee's proposed accommodation "must be the subject of a complaint to the EEOC within 300 days" to be considered timely.  Id. The Plaintiff did not file his charge of discrimination with the EEOC until February 2019, long past the 300-day statute of limitations for failure to accommodate claims under the ADA.  As such, Plaintiff's disability claim with relation to failure to accommodate must be dismissed as time barred.

**D.**     **Plaintiff's Allegations Regarding Retaliation Fail to State a Causal Link Between His Purported Protected Activity and Any Adverse Employment Action.**

To establish a retaliation claim under Title VII and the NYSHRL, an employee must show that "(1) []he engaged in protected activity; (2) the employer was aware of this activity; (3) the employer took adverse action against the employee; and (4) a causal connection exists between the protected activity and the adverse action."  Xiang v. Eagle Enters., LLC, 2020 U.S. Dist. LEXIS 7909, at *25 (S.D.N.Y. Jan. 16, 2020).  The same framework is applied to retaliation claims under the ADA.  Id. at *28.

The only protected activity alleged in Plaintiff's Amended Complaint is the February 2017 complaint to Defendant's Human Resources Department, in which Plaintiff vaguely claims that he "reported multiple instances of harassment, discrimination, and retaliation." See Dkt. No. 28 at ¶ 44.  As mentioned above, Plaintiff fails to allege with any specificity the

content of that complaint or whether it was in any way made in reference to any protected characteristic or protected activity.  Plaintiff alleges that as a result of this complaint to Human Resources, Defendant "retaliated against Plaintiff by lowering Plaintiff's bonus, and removing some of his benefits." Id. at ¶ 95-96.  Plaintiff claims that it was only "*[a]fter* receiving the details surrounding his performance review and compensation in February 2017" that he complained to Human Resources.  Id. at ¶ 44. (emphasis added).  Further, Plaintiff boasts stellar work performance in the year and a half after he complained to Human Resources.  Specifically, Plaintiff alleges that he was able to achieve all of his performance objectives for 2017 and received a positive performance review from his manager.  Id. at ¶ 60.  Plaintiff was also able to excel in his role throughout 2018 and received compliments from his colleagues.  Id. at ¶ 64.  Plaintiff's own allegations regarding his positive performance reviews entirely disprove a claim of retaliation.

Plaintiff also claims that he was retaliated against for requesting a role change.  See Dkt. No. 28 at ¶ 97.   However, courts this have "distinguished between requests for accommodation, which do not constitute protected activity, and complaints about or opposition to the denial of such requests." Piligian v. Ichan Sch. Of Med., 2020 U.S. Dist. LEXIS 63497, at *35 (S.D.N.Y. Apr. 7, 2020); D'Amico v. City of New York, 159 A.D. 3d 558, 558-59, 73 N.Y.S. 3d 540 (1ˢᵗ Dep't 2018).  In order to state a retaliation claim, therefore, "there must be some evidence that the plaintiff opposed or complained of unlawful discrimination." Id.  Plaintiff's request for a role change in and of itself does not constitute a complaint about or opposition to a denial of such a request.  Because Plaintiff fails to allege that "he was retaliated for complaining about or opposing the denial of a requested accommodation, but only that he was retaliated for making such a request," his retaliation claims must be dismissed. Id. at *37.

Finally, Plaintiff alleges that Defendant's Human Resources Department retaliated against him in February 2017 because of his wife's complaints of discrimination and retaliation in mid-2015.  See Dkt. No. 28 at ¶¶ 23 and 94.  Plaintiff's allegations of retaliation as they relate to him are far too attenuated in time from the complaints made by Plaintiff's wife in 2015 to constitute actionable retaliation.  See LaSalle v. City of New York, 2015 U.S. Dist. LEXIS 41163, at *18 (S.D.N.Y. Mar. 30, 2015) (dismissing the plaintiff's retaliation claims where she "fail[ed] to allege that her Human Resources complaint was followed *closely by* an adverse employment action.") (emphasis added); Altieri v. Albany Pub. Library, 172 Fed. Appx. 331, 333-34 (2d Cir. 2006) ("[W]here the complaint shows that the first alleged act of retaliation occurred twenty-one months after plaintiff's protected activity, and where nothing in plaintiff's pleadings, even liberally construed, suggest[s] a plausible scenario of a causal connection between two events occurring so far apart, plaintiff's retaliation complaint must be dismissed.").

Because Plaintiff cannot state a causal connection between any protected conduct and an adverse employment action, his retaliation claims under all applicable statutes must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an Order granting its motion to dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and awarding such other relief as it deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Dated: May 11, 2021                    By:  _/s/ Diane Windholz_
      New York, New York              Diane Windholz
                                          Laura Victorelli


ATTORNEYS FOR DEFENDANT
MASTERCARD INTERNATIONAL
INCORPORATED

4831-6798-8713, v. 1

16