Representing Management Exclusively in Workplace Law and Related Litigation

jackson lewis.

Jackson Lewis P.C.
666 Third Avenue
New York NY 10017-4030
Tel 212 545-4000
Fax 212 972-3213

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BERKELEY HEIGHTS, NJ
BIRMINGHAM, AL
BOSTON, MA
CHARLOTTE, NC
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI
GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN
MONMOUTH COUNTY, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI
RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
SILICON VALLEY, CA
ST. LOUIS, MO
TAMPA, FL
WASHINGTON DC REGION
WHITE PLAINS, NY

MY DIRECT DIAL IS: (212) 545-4028
MY EMAIL ADDRESS IS: DIANE.WINDHOLZ@JACKSONLEWIS.COM

April 6, 2022

**VIA ECF**

Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**RE: Pattanayak v. Mastercard, Inc. Civil Case No.: 21-cv-02657 GBD Plaintiff's Application to File a Second Amended Complaint**

Dear Judge Daniels,

This firm represents Defendant Mastercard International Incorporated, incorrectly named in this action as "Mastercard, Inc." ("Defendant" or "Mastercard"), in connection with the above-referenced matter. Pursuant to Rule 2(A) of Your Honor's Individual Rules and Practices, Defendant respectfully requests that the Court deny Plaintiff Sambit Pattanayak's ("Plaintiff's") application to file a Second Amended Complaint. As set forth in detail below, Plaintiff failed to seek leave to file an amended complaint as directed by the Court and instead simply filed a Second Amended Complaint. Further, even if Plaintiff did properly submit an application to amend, which he did not, the filing of his Second Amended Complaint is nevertheless futile.

## I. PROCEDURAL HISTORY

On or about August 13, 2020, Plaintiff filed his Original Complaint in the Superior Court of New Jersey, Hudson County, alleging, *inter alia*, race, national origin and disability discrimination, as well as retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"). Defendant removed this matter to the District of New Jersey, based on diversity jurisdiction. Thereafter, Defendant filed a Motion to Dismiss, based on lack of personal jurisdiction and the fact that the NJLAD does not protect individuals outside the state of New Jersey. The District of New Jersey granted Defendant's Motion and ordered that the case be transferred to the appropriate court in New York – i.e., the Southern District of New York.

Once transferred, Defendant filed a Motion to Dismiss Plaintiff's Original Complaint on April 5, 2021. See Dkt. No. 22. On April 26, 2021 – prior to filing an opposition





to Defendant's Motion and without leave of court, Plaintiff filed his First Amended Complaint. Plaintiff's First Amended Complaint alleged violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"). Notably, Plaintiff's First Amended Complaint contained nearly identical factual allegations as his Original Complaint, despite the fact that Defendant moved to dismiss based on failure to state a claim upon which relief could be granted.

On February 24, 2022, after oral argument on Defendant's Motion, the Court issued a Memorandum Decision and Order, granting Defendant's Motion in its entirety and allowing Plaintiff an opportunity to seek leave to amend by letter application, if such an amendment would not be futile. See Dkt. No. 53 at p. 17. On March 31, 2022, Plaintiff filed a letter, simply stating "enclosed please find Plaintiff's Second Amended Complaint." See Dkt. No. 54. Plaintiff did not seek leave to amend or make any effort to explain ***how*** such filing would not be futile. He instead filed the Second Amended Complaint, leaving the Court and defense counsel to determine whether or not such filing would be futile. As set forth in greater detail below, the filing of Plaintiff's Second Amended Complaint is, in fact, futile, as it fails to address the numerous deficiencies identified by Defendant and the Court over the past year and a half.

## II. THE FILING OF PLAINTIFF'S SECOND AMENDED COMPLAINT IS FUTILE.

On September 15, 2021, the Court held oral argument on Defendant's Motions to Dismiss Plaintiff's Original Complaint and First Amended Complaint. During oral argument, and then again in its February 24th Memorandum Decision and Order, the Court identified several deficiencies in Plaintiff's First Amended Complaint. Specifically, the Court noted that many of Plaintiff's claims were time-barred, as they occurred more than 300 days prior to the filing of Plaintiff's EEOC Charge. The Court also noted that Plaintiff's remaining claims were insufficient to state a plausible claim for relief under Title VII and the ADA. Finally, although the Court refrained from exercising supplemental jurisdiction over Plaintiff's NYSHRL claims, it noted during oral argument that Plaintiff can only bring claims under that statute if he is a resident of New York or if the alleged discrimination and/or retaliation took place in this state. As set forth in detail below, Plaintiff failed to remedy these deficiencies in his Second Amended Complaint.

### A. Plaintiff Continues to Rely on Untimely Claims of Discrimination and Retaliation.

During the September 15, 2021 oral argument, the Court noted that many of the allegations contained in Plaintiff's First Amended Complaint occurred outside of the statute of limitations under Title VII and the ADA. See Dkt. No. 47 at 36:17-37:3. Plaintiff recognized that many of the allegations contained in the Original Complaint and the First Amended Complaint occurred outside of the statute of limitations, but argued that they occurred as part of a continuing violation. Id. at 37:4-7. As the Court noted, however, the allegations occurring prior to 2018 were largely based on race and national origin discrimination, while the allegations occurring in 2018





and beyond dealt with disability discrimination. Id. at 37:17-38:10. Therefore, they could not be used to support a continuing violation under the law. Id.

Similarly, in its February 24th Memorandum Decision and Order, the Court clearly held that "claims before May 2018 [are] time-barred under Title VII and ADA". See Dkt. No. 53, at p. 5. The Court further clarified that, because "the only timely claims in the F[irst] A[mended] C[omplaint] concern Plaintiff's request for a transfer or role change in July 2018, and his termination in August 2018, the continuing violation doctrine is inapplicable" to Plaintiff's claims. Id. at p. 7. Finally, with regard to Plaintiff's retaliation claim, the Court noted that Plaintiff's February 2017 complaints were "untimely and too general to support an inference that Defendant received notice of any conduct prohibited by Title VII." Id. at p. 11.

Inexplicably, and completely ignoring the Court's Memorandum Decision and Order, Plaintiff continues to rely ***almost exclusively*** on allegations falling outside of the statute of limitations to support his claims of discrimination and retaliation. See Dkt. No. 54-1 at ¶¶ 17-133. Such allegations, however, continue to be time-barred and cannot be used to support Plaintiff's claims.

Plaintiff's continued reliance on allegations outside of the statute of limitations renders the filing of his Second Amended Complaint futile.

**B. Plaintiff's Additional Allegations of Discrimination and Retaliation Remain Deficient.**

**1. Plaintiff's Retaliation Claim**

In his Second Amended Complaint, Plaintiff appears to assert that Defendant's alleged discriminatory and retaliatory conduct commenced when Plaintiff complained about the treatment of his wife in 2015. Despite providing no details about these purported complaints in his Original or First Amended Complaint, Plaintiff expends a considerable amount of effort in his Second Amended Complaint arguing that his complaints about his wife's treatment constituted protected activity and were the basis of Defendant's retaliatory conduct going forward. See Dkt. No. 54-1 at ¶¶ 17-41.

Similarly, during the September 15, 2021 oral argument, Plaintiff's counsel argued that Plaintiff's retaliation claim was based in large part on Plaintiff's perception that Defendant was unhappy about Plaintiff's wife's complaint of discrimination. See Dkt. No. 47 at 19:8-13. Your Honor noted, however, that this, in and of itself, is not sufficient to demonstrate protected activity, as Plaintiff ***himself*** never complained about discrimination or retaliation on behalf of his wife. Id. at 19:14-20:9. When Your Honor asked Plaintiff's counsel whether Plaintiff ever complained about discrimination against his wife, Plaintiff's counsel clarified, stating "[h]e did not go to HR and complain that his wife was being discriminated against, or that the resolution of her claims against them was something he complained about." Id. at 20:3-8. Inexplicably, Plaintiff still fails to assert that he ***himself***, complained of discrimination or retaliation on behalf of his wife,






yet continues to rely on his wife's complaints as the basis of his retaliation claims. Plaintiff's continued reliance on his wife's complaints alone, is futile.

Similarly, during the September 15, 2021 oral argument, Plaintiff's counsel seemingly conceded that Plaintiff never attributed his complaints about his supervisors to any protected characteristic. See Dkt. No. 47 at 21:4-9. Plaintiff's counsel further conceded that "nobody said, 'I am coming after you because you are Indian.'" Id. at 30:21-22. Your Honor clarified for Plaintiff's counsel that, to state a claim of retaliation under Title VII, Plaintiff had to "at least say something that one reasonably would understand that you're complaining about some sort of protected activity." Id. at 21:10-21. Remarkably, Plaintiff now, for the first time in his Second Amended Complaint, asserts that he "informed Crum that he was subjected to threats, hostile behavior, discrimination and harassment by Peraino." See Dkt. No. 54-1 at ¶ 43. This entirely contradicts his counsel's statement at the September 15th oral argument that Plaintiff never based his complaints on any protected characteristic.

**2. Plaintiff's Hostile Work Environment Claim**

The Court also identified the deficiencies in Plaintiff's hostile work environment claim at both the September 15th oral argument and in its Memorandum Decision and Order. Although Plaintiff pointed to several instances of a "hostile work environment", including his boss, saying "I'm coming after you" and his supervisor "block[ing] Plaintiff from projects and work which pertained to his role and reduced his annual bonus," the Court explained that "that's not a hostile work environment." See Dkt. No. 4 7 at 48:10-49:10; see also Dkt. No. 53 at p. 11-13. The Court further clarified that "[t]o say I had anxiety because I didn't get my bonus" is not sufficient to state a hostile work environment claim. See Dkt. No. 47 at 48:19-49:10. Nevertheless, Plaintiff continues to rely on these same exact facts to support his hostile work environment claim. See Dkt. No. 54-1 at ¶¶ 41, 129, 196, 207.

**3. Plaintiff's Disability Discrimination Claim**

Plaintiff's remaining allegations deal only with Plaintiff's disability and the alleged denial of additional resources to support him in his role. Id. at ¶¶ 134-159.[1] As the Court noted in its Memorandum Decision and Order, however, Plaintiff's allegations that he was assigned a heavy workload, denied additional resources and told that he was not given resources because of his health condition are insufficient to state a hostile work environment claim under Title VII or the ADA. See Dkt. No. 53 at p. 15 (citing Harvin v. Manhattan & Bronx Surface Transit Operating Auth., 2016 U.S. Dist. LEXIS 28152, at *34-35 (E.D.N.Y. Mar. 3, 2016) (holding that the plaintiff's ADA hostile work environment claim failed where she merely complained that "she was assigned a heavy workload; denied proper trainings, resources, and assistance to perform her work; and was treated unfairly.")). The Court found Plaintiff's allegations of unlawful termination

[1] Notably, despite alleging that he was denied resources to support him in his role, Plaintiff asserts that he had three individuals who were working for him after returning from paternity leave in May 2018 and that some of his job duties and responsibilities were being transferred to others. See Dkt. No. 54-1 at ¶¶ 143-144. Plaintiff further asserts that his managers flew in consulting resources from Taiwan to support Plaintiff. Id. at ¶ 146.





similarly unavailing, holding that "the temporal proximity between Plaintiff's staff requests in March 2018 and his termination in August 2018, without more, is insufficient to support an inference of disability discrimination." Id. (citing Powell v. Merrick Acad. Charter Sch., 2018 U.S. Dist. LEXIS 32810, at *6 (E.D.N.Y. Feb. 28, 2018) (holding that temporal proximity was insufficient to demonstrate a causal nexus between disability and termination.)).

Once again, Plaintiff fails to provide any additional ***timely*** allegations to support his claims and merely reasserts these same allegations to support his claims of retaliation, hostile work environment and discrimination – further demonstrating the futility of his Second Amended Complaint.

**C. Plaintiff Cannot Assert Claims Under the NYSHRL Because He Is Not a Resident of New York, and The Facts and Circumstances Underlying His Second Amended Complaint Did Not Take Place in this State.**

Although Your Honor did not exercise supplemental jurisdiction in the Court's Memorandum Decision and Order, it is clear from Defendant's Motion and the Parties' September 15th oral argument that Plaintiff's claims under the NYSHRL are futile and subject to dismissal. Specifically, with regard to Plaintiff's claims under the NYSHRL, Your Honor noted that Plaintiff only "has the benefit of asserting New York claims if he is [] a New Yorker" or "if he has a sufficient relationship with New York." See Dkt. No. 47 at 57:3-59:14.

Plaintiff's continued pursuit of claims under the NYSHRL without asserting that Plaintiff resides in New York or was subject to any discriminatory conduct in this state completely ignores not only the statements made by Your Honor at the September 15th oral argument, but also the copious amount of case law on this very issue. See Ware v. L-3 Vertex Aerospace, LLC, 833 Fed. App'x. 357, 358-59 (2d Cir. 2020) (affirming the lower court's dismissal of the plaintiff's NYSHRL claims because the plaintiff was a resident of Florida during his employment and was employed by the defendant in Afghanistan); Kingston v. Int'l Bus. Machs. Corp., 135 N.Y.S. 3d 9 (1st Dep't. 2020) (affirming dismissal of NYSHRL claims of the plaintiff who resided and worked in Texas and was present within New York only up to nine days per year); Wolf v. Imus, 96 N.Y.S. 54 (1st Dep't. 2019) (affirming dismissal of NYSHRL claims for lack of conduct within the state of New York because the Plaintiff resided and worked in Florida). Plaintiff's claims under the NYSHRL, therefore, remain futile.

## III. CONCLUSION

Since Plaintiff failed to properly apply to file his Second Amended Complaint, and since the filing of that Complaint is futile, Defendant respectfully requests that the Court deny any belated application by Plaintiff to amend the Complaint and dismiss this matter in its entirety, with prejudice






Very truly yours,

*/s Diane Windholz*
Diane Windholz
Laura Victorelli

4870-6485-8650, v. 1